Eric D. Houser (SBN 130079)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
Email: ehouser@houser-law.com

Attorney for Defendant,
PHH Mortgage Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EULALIO L. SALVE,<br><br>Plaintiff,<br><br>vs.<br><br>PHH MORTGAGE CORPORATION; AND, DOES 1 THROUGH 5 INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION BASED ON DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. § 1441 (a) and (c)]**<br><br>[Removal from Superior Court of California, County of Contra Costa No. C25-03534] |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant PHH Mortgage Corporation ("PHH") hereby removes this action from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California, as further described below.

1
NOTICE OF REMOVAL

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. The original Complaint was filed in the Superior Court of California, County of Contra Costa, on or about December 2, 2025, entitled bearing *Eulalio Salve, Jr. vs. PHH Mortgage Corporation*, Case No. C25-03534 ("State Court Action"). A copy of the Summons and Complaint are attached hereto as **"Exhibit 1"**. The additional pleadings and orders in the State Court Action, are attached hereto as **"Exhibit 2"**.

2. PHH has not made a general appearance as to the State Court Action and has not waived any jurisdictional issues.

3. On December 5, 2025, PHH was served with a copy of the Complaint in the State Court Action. Therefore, PHH removes this case within 30 days of receipt, through service or otherwise, of a copy of the filed State Court Action, and within one year of the commencement of the State Court Action. This removal is timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

4. To PHH's knowledge, there are no other named defendants in this action. But even if there were, the "DOE" defendants need not consent to or join in the notice of removal. *See Fristoe v. Reynolds Metals Co*. 615 F.2d 1209, 1213 (9th Cir. 1980).

5. No previous request has been made for removal.

6. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and (c). The parties meet the requirements for diversity jurisdiction. Supplemental jurisdiction exists with respect to other claims not subject to removal pursuant to 28 U.S.C. §§ 1367 and 1441(c).

//

/

## II. THIS COURT HAS DIVERSITY JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 AND IS BETWEEN CITIZENS OF DIFFERENT STATES

1. This action is removable pursuant to 28 U.S.C. §§ 1441(b) and 1332(a). This Court has original jurisdiction because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Diversity existed at the time the action was filed and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

### A. CITIZENSHIP OF THE PARTIES

2. The Complaint states Eulalio L. Salve ("Plaintiff") resides at the property located at 1508 Cajon Ct, Antioch, California 94509 ("Subject Property") which is his primary residence. (Compl., ¶ 7, 8). The Complaint further states Plaintiff is a resident of Contra Costa County, California. (Compl., ¶ 1); *Lew v. Moss,* 797 F.2d 747, 749-750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely). Therefore, Plaintiff is a citizen of California for purposes of diversity.

3. PHH is, and was at the time of the filing of the Complaint, a corporation which was formed under the laws of the State of New Jersey. PHH has its principal place of business in Mount Laurel, New Jersey. Therefore, PHH is a citizen of New Jersey for purposes of diversity. 28 U.S.C. § 1332(c)(1).

4. Because no Defendant is a citizen of California, complete diversity exists between the parties within the meaning of 28 U.S.C. § 1332(a).

### B. AMOUNT IN CONTROVERSY

5. The jurisdictional threshold for diversity is $75,000. 28 U.S.C. § 1332(a).

6. The amount in controversy is determined from the allegations or prayer for relief. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938). Plaintiff prays for the recovery of damages exceeding $75,000. Plaintiff prays for attorney's fees, interest, general, compensatory, special, consequential, incidental, and punitive damages. (Compl., Prayer for Relief ¶¶ 5-9). Plaintiff also seeks injunctive relief rescinding the trustee sale, preventing transferring or selling the Subject Property to a third party, and quieting title finding Plaintiff the owner in fee simple free and clear of Defendants interest. (Compl., Prayer for Relief ¶¶ 1, 2).

7. Plaintiff further places the value of the loan and property at issue by seeking to rescind the trustee sale that has already occurred on October 15, 2025, and reverting title back to Plaintiff. (Compl., ¶12). Since Plaintiff seeks relief concerning the Subject Property and loan, the amount in controversy may be determined by the value of the object of the litigation, i.e., the loan amount, or the potential lost equity. *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333 (1997); *see also Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004 (N.D. Cal., 2002); *Munger v. Moore,* 11 Cal.App.3d 1 (1970). Here, the unpaid balance of the loan secured by the Subject Property is approximately $529,690.25. (See Compl., Ex. E).

8. The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy may include compensatory damages, punitive damages, and attorneys' fees when authorized by statute. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Critically, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time

of removal, "whatever the likelihood that [the plaintiff] will actually recover them"). Pursuant to 28 U.S.C. § 1332(a), the amount in controversy $75,000 exceeds the required minimum amount.

9. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).

### III. VENUE

10. Pursuant to 28 U.S.C. § 1441(b) the United States District Court for the Northern District of California is the proper venue for removal of the State Court Action because it is the judicial district and division in which State Court Action is pending.

### IV. NOTICE

11. Concurrently with the filing of this Notice, PHH shall provide written notice of removal to all adverse parties, namely Plaintiff, and cause to be filed a copy of this Notice of Removal with the Clerk of the Superior Court of California, for the County of Contra Costa.

### V. RESERVATION OF RIGHTS

12. PHH reserves the right to supplement this notice when, and if, additional information becomes available. In addition, PHH reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

13. In light of the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, PHH prays that the State Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

| | |
|---|---|
| Dated: January 5, 2026 | **HOUSER LLP** |
| | *[signature]* |
| | Eric D. Houser |
| | Attorney for Defendant, |
| | PHH Mortgage Corporation |

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On January 5, 2026, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION BASED ON DIVERSITY JURISDICTION**

On the following interested parties in this action described as follows:

EULALIO L. SALVE JR.
1508 Cajon Ct
Antioch, CA 94509
Phone: (925) 501-6336
E-mail: tessiesalve@yahoo.com
EULALIO L. SALVE JR.
PLAINTIFF IN PRO PER

☒ FIRST CLASS MAIL—By placing the envelope for collection and mailing following our ordinary business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the United States Postal Service in the ordinary course of business, in a sealed envelope with postage fully prepaid

☒ ELECTRONIC MAIL—By transmitting a true and correct copy via court sponsored electronic service or by electronic e-mail under Rule 2.251 of the California Rules of Court to the email addresses listed above. The document(s) was/were served electronically and the transmission was reported as complete and without error consistent with Code of Civil Procedure § 1010.6(a), (4) and (5).

Executed on January 5, 2026 in Irvine, California.

_____
Sherie L. Cleere