UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EULALIO L. SALVE,

Plaintiff,

v.

PHH MORTGAGE CORPORATION,

Defendant.

Case No. 26-cv-00083-RFL

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO RECORD A LIS PENDENS**

Re: Dkt. Nos. 6, 23

Plaintiff Eulalio Salve brought this suit against Defendant PHH Mortgage Corporation in state court, alleging that PHH improperly foreclosed on his home in Antioch, California. (Dkt. No. 1-1 ("Compl.").) PHH removed the case (Dkt. No. 1) and moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. No. 6). Salve moves for leave to record a lis pendens against the foreclosed-on property. (Dkt. No. 23.) For the reasons that follow, the motion to dismiss is **GRANTED**, and the motion for leave to record a lis pendens is **DENIED**. Dismissal is with leave to amend, with the exceptions noted below. This order assumes the parties' familiarity with the facts of the case, the applicable legal standard, and both sides' arguments.[1]

***Homeowner Bill of Rights ("HBOR") Section 2923.5 Claim (Claim 1)***. The complaint fails to state a claim under section 2923.5. Section 2923.5 requires a mortgage servicer to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" prior to recording a notice of default. Salve alleges that PHH failed to contact him before filing the notice of default to assess his financial situation, explore options to avoid foreclosure, and advise him of his right to request a subsequent meeting. (Compl. ¶ 18.) However, Salve also alleges that he had been in

[1] PHH's unopposed request for judicial notice is **GRANTED**. (Dkt. No. 7.)

discussion with PHH about loan modification and that PHH had rejected several of Salve's loan modification applications before filing the notice of default. (*Id.* ¶ 11(b)–(i).) These allegations, which "negate a claim that section 2923.5 was violated," render Salve's section 2923.5 claim implausible. *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010). The claim is therefore dismissed. As such, this order does not reach the remaining arguments made by PHH for dismissal of this claim. Dismissal is without leave to amend and with prejudice, because Salve cannot avoid future dismissal without contradicting the allegations of the present complaint. *Muhammad v. Berreth*, No. C 12-02407 CRB, 2013 WL 684918, at *2 (N.D. Cal. Feb. 25, 2013), *aff'd* (Oct. 23, 2013).

***Section 2923.6 Claim (Claim 2)***. Salve has not adequately pled that PHH's violation of section 2923.6 was material. Liability for violations of various HBOR sections (including sections 2923.6, 2923.7, 2924.10, 2924.11, and 2924.17, under which Salve has asserted claims) arises only for material violations. Cal. Civ. Code § 2924.12(a)–(b). Material violations are those that "affected the plaintiff's loan obligations, disrupted [their] loan modification process, or caused [them] to suffer harm" that they would not have otherwise suffered. *Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1043 (N.D. Cal. 2023); *see also Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 870 (N.D. Cal. 2017). Even if a mortgage servicer violates the HBOR, it may cure these violations through corrective action, for instance, by fully considering any application by the borrower for a loan modification. *Warren*, 671 F. Supp. 3d at 1044. A plaintiff need not "*prove* materiality at this point"—instead, they "must plead something to satisfy [the] materiality requirement." *Id.* at 1043 (internal quotation marks omitted).

The complaint fails to plausibly allege that PHH's violation of section 2923.6 was material. Section 2923.6 prohibits a mortgage servicer from recording a notice of default or sale or conducting a trustee's sale while a first lien loan modification application is pending, so long as the borrower submitted a "complete" application at least five business days before a scheduled sale, for a specified amount of time following the denial of the application so the borrower can

pursue an appeal. Cal Civ. Code § 2923.6(c)–(e). An application is considered "complete" when "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." *Id*. at § 2923.6(h). The section also requires a mortgage servicer to send written notice of the denial of a loan modification application with information such as the reasons for denial and a description of other foreclosure prevention alternatives. *Id*. at § 2923.6(f).

Salve alleges that PHH violated section 2923.6 in two ways: (a) by denying his loan modification applications in 2023 and 2024 without the required written denial notices and (b) by recording a notice of default ("NOD") and notice of sale ("NOS") and conducting a trustee sale while his appeal from the denial of his loan modification was allegedly still pending. (Compl. ¶¶ 24(a)–(c).) As to the first theory, the complaint fails to adequately allege that PHH's failure to send Salve a written decision for his loan modification applications interfered with his ability to accept PHH's subsequent offer of a loan modification or to timely appeal its later denials of his loan modification applications. (*Id*. ¶ 11.) Indeed, the complaint alleges that (a) PHH approved Salve for a loan modification conditioned on trial payments from May to August 2025, (b) Salve made the required trial payments, (c) PHH sent him a final loan modification agreement that needed to be executed and returned by August 10, 2025, (d) PHH rejected Salve's returned agreement because he added handwritten notations, (e) PHH mailed a second set of final loan modification documents that needed to be returned and executed by September 6, 2025, (f) Salve received the documents on September 5, 2025 via email (though Salve alleges he did not initially receive the documents by mail), and (g) Salve did not return the executed documents until September 10, 2025. (*Id*.) Salve's loan modification process appears to have ended (and the foreclosure sale seems to have occurred) as a result of Salve's failure to timely accept his loan modification offer. *See Cardenas*, 281 F. Supp. 3d at 870.

As to the second theory, Salve's undated, conclusory allegations that he had appealed PHH's denial of his loan modification is not sufficient to support a plausible inference that he made a timely appeal or that he had an appeal pending when the NOD and NOS were recorded

and when the trustee sale was conducted. (Compl. ¶¶ 11(q), 24(b)–(c).) The complaint therefore fails to plausibly allege that PHH's violation of section 2923.6 was material. The claim is dismissed with leave to amend.

***Section 2923.7 Claim (Claim 3)***. Section 2923.7 requires mortgage servicers to "establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact" when "a borrower requests a foreclosure prevention alternative." Cal. Civ. Code § 2923.7(a). The complaint alleges only that Salve was "forced to communicate with a number of various different individuals who provided [him] with conflicting information" and who were not "knowledgeable about [his] loss mitigation application and appeals." (Compl. ¶ 30.) But these allegations lack the requisite detail to give PHH notice of the claims made against it, "such as whom was assigned as [Salve's] representatives or when [Salve] attempted to contact [his] assigned representatives." *Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017); *see also Asturias v. Nationstar Mortg. LLC*, No. 15-cv-03861-RS, 2016 WL 1610963, at *5 (N.D. Cal. Apr. 22, 2016) ("The SAC does not provide any information regarding the date of contact, how plaintiffs initiated contact, or even from whom a foreclosure prevention alternative was sought."). Moreover, the complaint does not adequately materiality. Salve does not allege how the lack of a single point of contact precluded him from timely accepting his loan modification or from appealing the denial of his prior loan modifications, which he alleges he pursued. (Compl. ¶ 11.) Therefore, the claim is dismissed with leave to amend so Salve can add allegations regarding his representatives and how they impacted his ability to pursue his appeals or accept his final loan modification.

***Section 2924.10 Claim (Claim 4)***. Section 2924.10 requires a mortgage servicer to provide "written acknowledgement" of the receipt of "a complete first lien modification application or any document in connection with a first lien modification application." Cal Civ. Code § 2924.10(a). The complaint admits that Salve did receive a written communication with a final loan modification offer, although he did not timely accept it. (Compl. ¶¶ 11(m)–(p).)

Accordingly, dismissal of this claim is with prejudice, without leave to amend, as amendment would be futile.

***Section 2924.11 Claim (Claim 5)***. Section 2924.11 prohibits a mortgage servicer from "charg[ing] any application, processing, or other fee for a first lien loan modification or other foreclosure prevention alternative" and from "collect[ing] any late fees for periods during which a complete first lien loan modification application is under consideration or a denial is being appealed, the borrower is making timely modification payments, or a foreclosure prevention alternative is being evaluated or exercised." Cal. Civ. Code § 2924.11(e)–(f). The complaint alleges only that "fees, charges, and interest" continued to accrue on Salve's loan while his appeal(s) were pending. (*E.g.*, Compl. ¶ 41.) But the complaint contains no allegations that PHH charged any fees *for* his loan modification applications. Nor does the complaint allege what late fees, if any, were actually collected. Furthermore, the complaint does not adequately allege materiality: that is, that PHH's alleged violation of this section affected Salve's loan obligations, disrupted his loan modification process, or caused him to pay unlawful fees. Accordingly, the claim is dismissed with leave to amend to permit Salve to add additional allegations regarding whether he was improperly charged any application or processing fees for his loan modification applications and whether PHH collected late fees during a statutorily protected period.

***Section 2924.17 Claim (Claim 6)***. Section 2924.17 provides, "[b]efore recording or filing" "[a] declaration recorded pursuant to Section 2923.5 or pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee," "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17(a)–(b). The complaint contains only conclusory allegations that PHH failed to review or verify evidence substantiating Salve's default and PHH's right to foreclose. Furthermore, Salve does not adequately allege materiality. The complaint acknowledges that Salve defaulted on his loan and attaches a declaration of

compliance with section 2924.17. (Compl. ¶ 11(e)–(f); Dkt. No. 1-1 at 108.)[2] Salve does not provide any non-conclusory allegations that PHH's alleged failure to review the information required by section 2924.17 affected his ability to timely accept his loan modification offer or pursue his appeals. Dismissal of this claim is with leave to amend to address these deficiencies.

***HBOR Claims for Injunctive Relief (Claims 2–6)***. The injunctive relief portion of Salve's HBOR claims is dismissed for the additional reason that such relief is unavailable after the foreclosure sale. Under California Civil Code section 2924.12(a)(1), "a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17" so long as "a trustee's deed upon sale has not been recorded." Salve does not dispute that the trustee's deed upon sale was recorded on November 6, 2025. (Dkt. No. 14 at 12; *see also* Dkt. No. 1-1 at 115.) Accordingly, the motion to dismiss the HBOR claims for injunctive relief is granted. Dismissal is with prejudice without leave to amend because the record indicates that amendment would be futile.

***Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing Claims (Claims 7 and 8)***. The complaint fails to state claims for breach of contract and breach of the covenant of good faith and fair dealing. Salve alleges that PHH breached the Deed of Trust ("DOT") and oral agreements that his loan modification applications and appeals were under review and that the scheduled foreclosure sale would be placed on hold pending review of his appeal. (Compl. ¶¶ 54–61.) Neither set of allegations suffices to state a claim for breach of contract.

Under the terms of the DOT, PHH was not required to accept partial payments (Dkt. No. 1-1 at 80) or credit Salve's trial payments, given the complaint identifies language from the DOT stating only that "all payments accepted and applied by the Lender shall be applied *in the following order*" and that payments "for a delinquent Periodic Payment . . . *may* be applied to the delinquent payment" (Compl. ¶ 54(a) (emphases added)). The DOT also contains no provision

---

[2] All references to page numbers for filings on the docket refer to ECF pagination.

suggesting that Salve is entitled to a loan modification. While Salve does identify provisions contained in the DOT that PHH allegedly breached, for instance those in Section 22, the complaint admits that Salve breached the DOT first by not making loan payments. Salve offers no valid excuse for his non-performance before PHH's alleged breach. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *Radoci v. CIT Bank, N.A.*, No. B271523, 2017 WL 4675066, at *6 (Cal. Ct. App. Oct. 18, 2017) (unpublished decision) ("Because Radoci did not allege she fully performed under the deed of trust, or she had an excuse for nonperformance before CIT's alleged breach, she did not state a cause of action for breach of contract based on the deed of trust."); *cf. Hamilton v. Greenwich Invs. XXVI, LLC*, 195 Cal. App. 4th 1602, 1614 (2011), *as modified* (June 15, 2011) (concluding demurrer to breach of contract claim was properly sustained given absence of allegations that plaintiffs performed under forbearance agreement or were excused from performing). Furthermore, the complaint does not plausibly allege that PHH's breach of Section 22's provisions caused Salve damage because Salve does not allege how he could have avoided foreclosure if he had received a compliant notice of default. Accordingly, the complaint fails to state a claim for breach of the DOT.

The complaint similarly fails to state a claim for breach of oral agreements. As to the promise that the scheduled foreclosure sale would be placed on hold pending review of Salve's appeal, Salve alleges that the sale was in fact postponed from October 9, 2025, to October 15, 2025. (Compl. ¶ 11(r).) Because the complaint does not specify the date Salve filed the appeal, there is no plausible basis to infer that the appeal remained pending as of the ultimate sale date. Furthermore, the complaint does not plausibly allege that Salve suffered damage as a result of PHH conducting the sale. The complaint contains no allegations regarding what Salve would have done had he received notice of the sale or even that Salve could have done anything to stop the sale. As to the promises that Salve's loan modification applications and appeals were under review, the complaint alleges that PHH informed Salve that his applications had not been received or were missing necessary documents, which precludes a plausible inference that PHH was not reviewing his applications and appeals, without more. (*Id.* ¶ 61(a).) The motion to

dismiss Salve's breach of contract claim is therefore granted, with leave to amend to address the deficiencies identified.

Salve also alleges that PHH breached the covenant of good faith and fair dealing by violating the HBOR, informing him that his application was incomplete, proceeding with foreclosure without exercising reasonable diligence, and failing to exercise reasonable diligence in managing his loan and recording foreclosure documents. (*Id.* ¶ 67.) However, "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012). The complaint does not explain what specific contractual provision was frustrated through the alleged conduct. This claim is therefore dismissed with leave to amend too.

***Promissory Estoppel and Equitable Estoppel Claims (Claims 9 and 10)***. The complaint fails to state claims for promissory and equitable estoppel. Salve alleges that PHH assured him on or about October 9, 2025, that the foreclosure sale would be "placed on hold pending review of his appeal." (Compl. ¶ 72(a).) However, as discussed above, Salve also alleges that the sale was in fact postponed, and the complaint contains insufficient detail about Salve's appeal to provide a plausible basis to infer the appeal remained pending as of the sale date. There are no allegations that PHH had failed to complete its review by October 15, 2025, or that PHH otherwise promised to cancel foreclosure, grant his appeal, or postpone the foreclosure sale indefinitely. This forecloses Salve's promissory and equitable estoppel claims.

Salve's complaint also fails to allege facts sufficient to support a plausible inference of detrimental reliance. The foreclosure sale proceeded because of Salve's failure to timely accept his final loan modification, and the complaint contains no non-conclusory allegations suggesting that Salve could have further delayed the foreclosure sale, renegotiated his loan, and retained possession of the subject property if he had been aware that the foreclosure sale was going forward. *See Newgent v. Wells Fargo Bank, N.A.*, No. 09cv1525 WQH, 2010 WL 761236, at *7 (S.D. Cal. Mar. 2, 2010); *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1046

(C.D. Cal. 2015). Though Salve alleges that he could have filed suit to stop the foreclosure, he does not identify what the basis of that suit would have been.

The motion to dismiss Salve's promissory and equitable estoppel claims is granted with leave to amend.

***Fraudulent Misrepresentation, Negligent Misrepresentation, Fraudulent Promise Without Intention to Perform, and Fraudulent Concealment Claims (Claims 11, 12, 13, 14)***. The complaint fails to state claims for fraudulent misrepresentation, negligent misrepresentation, fraudulent promise without intention to perform, and fraudulent concealment because they fail to meet the heightened pleading requirements of Rule 9(b). *See Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1270 (N.D. Cal. 2014). Salve alleges generally that PHH misrepresented that it had mailed final loan modification documents, that it had reached out to him before filing the notice of default, that he was past due on payments, and that the foreclosure sale would be placed on hold pending review of his appeal. (*See, e.g.*, Compl. ¶ 88.) But Salve's allegations do not indicate who made these misrepresentations, when they were made, what facts show those representations were indeed false, or the basis for inferring that those who made the representations knew they were false. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In addition, Salve's allegation that he never received the first set of final loan modification documents is not sufficient to support a plausible inference that the relevant representative at PHH knowingly misrepresented that PHH had mailed the documents. Similarly, as discussed above, the complaint does not adequately allege facts supporting a plausible inference that an appeal remained under review at the time the postponed foreclosure sale went forward. Because the complaint as currently plead fails to satisfy the requirements of Rule 9(b) and Rule 8, the motion to dismiss these claims is granted with leave to amend.

***Elder Abuse Claim (Claim 15)***. The complaint fails to state a claim for elder abuse. "It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid," *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 528 (2011) (internal quotation marks omitted), and Salve points to no authority suggesting that

the other actions taken by PHH in connection with the foreclosure constitute a wrongful taking (Dkt. No. 14 at 22). Additionally, the complaint contains only conclusory allegations that PHH acted with intent to defraud or in a manner constituting undue influence. (Compl. ¶ 123.) *See* Cal. Welf. & Inst. Code § 15610.30. Salve's elder abuse claim is dismissed with leave to amend.

***Quiet Title, Slander of Title, and Wrongful Foreclosure Claims (Claims 16, 17, 20)***. The complaint fails to state claims for quiet title, slander of title, and wrongful foreclosure. As to the quiet title claim, Salve does not contest that he failed to tender payment for his outstanding debt nor allege that he is willing to tender the outstanding debt (Compl. ¶ 14; Dkt. No. 14 at 23), which is required to bring a quiet title claim. *See Simmons First Nat'l Bank v. Lehman*, No. 13-cv-02876-DMR, 2015 WL 1503437, at *7 (N.D. Cal. Apr. 1, 2015). Salve argues that he is excused from the tender requirement because the foreclosure is void or voidable and requiring tender would be inequitable. (Dkt. No. 14 at 23.) However, given that the remainder of Salve's claims are deficient, no exceptions to the tender rule apply. *See Aguirre v. Wells Fargo Bank, N.A.*, No. CV 15-1816-GHK, 2015 WL 4065245, at *11 (C.D. Cal. July 2, 2015).

As to the slander of title claim, the notice default and notice of trustee's sale are privileged. Salve acknowledges that such recordings are privileged but argues that privilege does not cover documents recorded without authority or in bad faith. (Dkt. No. 14 at 24.) But Salve's complaint fails to state a claim under the HBOR, and the complaint's conclusory allegations do not support a plausible inference of bad faith. Salve does not contest that he was in default, and his allegations that the notice of default and notice of trustee's sale are void or voidable are contingent on his HBOR claims. (*See* Compl. ¶ 139.)

Finally, as to the wrongful foreclosure claim, the complaint does not plausibly allege that PHH acted illegally, fraudulently, or in a willfully oppressive way. Salve's wrongful foreclosure claim is derivative of his other claims. (Dkt. No. 6 at 28.) Because those claims fail, so too does Salve's wrongful foreclosure claim. Furthermore, as discussed above, Salve has not alleged that he tendered the full balance he owed on his mortgage and has not offered a legitimate basis for excusing the requirement.

Accordingly, the motion to dismiss these claims is granted with leave to amend.

***UCL Claim (Claim 18)***. The complaint fails to state a UCL claim. Salve lacks standing under the UCL. PHH does not contest that Salve suffered an economic injury that is sufficient to constitute injury in fact. (*Id*. at 30.) However, given the complaint's allegations that Salve received a final loan modification contract but failed to timely accept it, the complaint does not plausibly allege that Salve's economic injury was caused by any allegedly unlawful, unfair, or fraudulent business practices by PHH. *See Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1099 (2007). Accordingly, the motion to dismiss this claim is granted with leave to amend.

***Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Claim (Claim 19)***. The complaint fails to state a claim under the RFDCPA. Though Salve alleges "misleading representations regarding foreclosure status, improper charges, and unfair conduct in connection with loss mitigation" (Dkt. No. 14 at 27), Salve's claim "arises out of the allegedly unlawful foreclosure on [Salve's] property pursuant to a deed of trust." *Ines v. Countrywide Home Loans, Inc.*, No. 08cv1267 WQH, 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008). PHH's actions therefore do not constitute debt collection under the RFDCPA. *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Accordingly, the motion to dismiss is granted. No leave to amend will be provided, as amendment would be futile.

***Motion for Leave to Record a Lis Pendens***. "As a pro se litigant, [Salve] 'needs court approval to file a lis pendens regarding the property at issue in this litigation.'" *Shetty v. Lewis*, No. 16-cv-03112-BLF, 2016 WL 6462068, at *4 (N.D. Cal. Nov. 1, 2016) (quoting *Stowers v. Wells Fargo Bank, N.A.*, No. 13-cv-05426-RS, 2014 WL 1245070, at *11 (N.D. Cal. Mar. 25, 2014)). But as discussed above, Salve has failed to make out a viable claim, and although Salve may amend his complaint, he "currently has no active claims that could justify the recording of a lis pendens." *Id*. The Court declines to award attorneys' fees and costs to PHH (Dkt. No. 24 at 7, 13), because the circumstances here would render an award of fees and costs unjust. *See Wolf v. Wells Fargo Bank, N.A.*, No. C11-01337 WHA, 2011 WL 4595012, at *4 (N.D. Cal. Oct. 4, 2011).

***Conclusion***. For the foregoing reasons, the motion to dismiss is granted, and the motion for leave to record a lis pendens is denied. The HBOR claims for injunctive relief, claims under sections 2923.5 and 2924.10 (Claims 1 and 4), and RFDCPA claim (Claim 19) are dismissed with prejudice, without leave to amend, and the remainder of the claims are dismissed with leave to amend. If Plaintiff wishes to file an amended complaint correcting the deficiencies identified above, he shall do so by **August 6, 2026**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. If no amended complaint is filed by that date, the complaint will remain dismissed, judgment will be entered in favor of PHH, and the case will be closed.

**IT IS SO ORDERED.**

Dated: July 16, 2026

RITA F. LIN
United States District Judge